UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC CURTIS,

Petitioner,

v.

JOHN KATAVICH, Warden,

Respondent.

1:12-cv-01002 MJS HC

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. 1)

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. 28 U.S.C. § 636(c)(1). Local Rule 305(b).

**I. BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections. On June 30, 1995, he was convicted of being a felon in possession of a firearm and evading a peace officer. (Pet. at 1, ECF No. 1). Petitioner received two consecutive life sentences and his Minimum Eligible Parole Date is February 14, 2044. (Pet. at 20.) On March 8, 2010, Petitioner requested an advanced parole hearing under California Penal Code § 3041.5. The claim was denied. Petitioner filed a petition for writ of habeas corpus with the Sacramento

County Superior Court; it was denied in a reasoned decision on October 6, 2011. (Pet. at 52-53.) Petitioner asserts that the failure to provide him an advance hearing violated his rights under the First, Eighth, and Fourteenth Amendments.

## II. DISCUSSION

### A. Screening Standard

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, 2008 U.S. Dist. LEXIS 72056, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

///

**B. Analysis**

1. Standard of Review

Federal courts may review habeas corpus petitions "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

2. Review of State Decisions

"Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds."

See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). This is referred to as the "look through" presumption. Id. at 804; Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion,"does not require that there be an opinion from the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been ‘adjudicated on the merits.'").

Richter instructs that whether the state court decision is reasoned and explained, or merely a summary denial, the approach to evaluating unreasonableness under § 2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75). AEDPA "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." Id. To put it yet another way:

> As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts are the principal forum for asserting constitutional challenges to state convictions." Id. at 787. It follows from this consideration that § 2254(d) "complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for later federal habeas proceedings." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

## III. REVIEW OF PETITION

### A. Denial of Petitioner's Claim in State Court

Petitioner presented his claim that he was improperly denied an advanced parole hearing in a habeas petition to the Sacramento County Superior Court. (Pet. at 52-53.) The superior court denied the claim in a reasoned decision, stating in relevant part:

> Petitioner admits that his minimum eligible parole date (MERD) is not until 2044, but claims that under Penal Code § 3045.1 he is entitled to show a change of circumstances and request an advancement of his first parole hearing.
>
> Petitioner was informed by the Department of Corrections and Rehabilitation that Penal Code § 3045.1 applies only to prisoners who have received a parole suitability hearing, been denied parole, and been denied a subsequent hearing until a certain number of designated years have passed. That interpretation of the statute appears to be correct. A full reading of the statute and its placement in the Penal Code leads to the inescapable conclusion that only when a prisoner has been denied parole and has his or her next parole hearing set for years later, may the prisoner show a change of circumstances and request that the subsequent hearing be scheduled sooner. There would be practical reason for allowing a life prisoner to request an advancement of a first parole suitability hearing, when that prisoner's sentence has specified a certain number of years that the prisoner must serve before becoming eligible for parole, as the hearing would be held years before the parole date by law could be set and much could happen in the years in between that could affect the prisoner's suitability for parole.
>
> Petitioner nevertheless argues that it violates equal protection not to apply Penal Code § 3045.1 to him. Petitioner, however, fails to recognize that he is not similarly situated to a prisoner who has already had a parole suitability hearing, as the latter has already reached his or her MERD and could be released as soon as being found eligible for parole, while petitioner has to wait 33 more years before he could possibly be released on parole. Again, applying Penal Code § 3045.1 to him to allow him to be released would serve no purpose whatsoever. He is not similarly situated to prisoners who have reached their MERD and had parole suitability hearings, thus his equal protection rights are not violated.

(Pet. at 52-53.)

Petitioner then filed a habeas petition in the Third District Court of Appeals and the California Supreme Court. Both petitions were summarily denied. The Court of Appeals and the California Supreme Court are presumed to have denied the claim for the same reasons stated in the courts below. Ylst, 501 U.S. at 803.

### B. No Clearly Established Federal Law Protects Petitioner's Claimed Right

"Clearly established federal law, as determined by the Supreme Court of the United

States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412; Norris v. Morgan, 622 F.3d 1276, 1285 (9th Cir. 2010). If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. Carey v. Musladin, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006).

Here, a plain reading of Penal Code § 3045.1 clearly explains that advance hearings shall only occur after a petitioner has reached his MERD and already obtained at least one parole hearing. The Ninth Circuit recently described the provisions provided in the parole statute allowing for advance hearings:

> Proposition 9 also amended the law governing parole deferral periods by authorizing the Board to advance a hearing date. The Board may exercise its discretion to hold an advance hearing sua sponte or at the request of a prisoner. "The board may in its discretion . . . advance a hearing . . . to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner . . . ." Id. § 3041.5(b)(4). Also, a prisoner may request an advance hearing by submitting a written request that "set[s] forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration." Id. § 3041.5(d)(1). A prisoner is limited to one such request every three years. Id. § 3041.5(d)(3). Although the minimum deferral period is three years, there is no minimum period the Board must wait before it holds an advance hearing. See id. § 3041.5(b)(4).

Gilman v. Schwarzenegger, 638 F.3d 1101, 1105 (9th Cir. 2011).

Under § 3041.5(d)(1), "An inmate may request that the board exercise its discretion to advance a hearing set pursuant to paragraph (3) of subdivision (b) to an earlier date." Section 3041.5(b)(3) states "The board shall schedule the *next* hearing, after considering the views and interests of the victim, as follows..." (emphasis added). Based on the clear language of the statute the advance hearing provision entitles a prisoner to request to have a subsequent hearing advanced. The plain language of the statute clearly requires a first parole suitability hearing to occur. While Petitioner asserts that the denial of his request was a violation of due process and equal protection, this Court finds that Petitioner was not entitled to request an advance hearing prior to his first parole hearing under state law. Furthermore, and of

significant importance here, despite Petitioner's contentions otherwise, Petitioner's claims do not implicate clearly established federal law as established by the decisions of the United States Supreme Court. Petitioner's claim therefore is not grounds for relief under section 2254. 28 U.S.C. § 2254(d)(1) and the Court orders that the petition be summarily dismissed.

## IV. CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (a) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he

must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: September 18, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE